# IN THE COURT OF APPEALS OF IOWA

No. 20-0718
Filed August 18, 2021

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**ROBERT ANTHONY COOPER,**
     Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Becky Goettsch, District Associate Judge.

Robert Anthony Cooper appeals following his guilty plea to domestic abuse assault causing bodily injury. **APPEAL DISMISSED.**

Benjamin Bragg, Clive, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**VAITHESWARAN, Judge.**

Robert Anthony Cooper pled guilty to domestic abuse assault causing bodily injury, a serious misdemeanor. *See* Iowa Code §§ 708.2A(2)(b), 708.1(2)(a) (2019). He agreed to immediate sentencing and waived his right to file a motion in arrest of judgment to challenge his plea. The district court filed an order accepting the plea and imposing sentence.

On appeal, Cooper argues (1) "trial counsel was ineffective by not filing an arrest of judgment to correct improper guilty plea procedures"; (2) "trial counsel was ineffective by not filing an affirmative defense of self defense"; (3) "trial counsel was ineffective for failing to file a motion in arrest of judgment that [his] guilty was knowing, intelligent and voluntary"; and (4) "the Iowa Supreme Court's advisory order dated April 2, 2020 allowing defendants to waive their physical presence at their plea and sentencings violates the due process clause of the United States Constitution." The State responds that we should summarily dismiss the appeal. We begin and end with the State's argument.

Iowa Code section 814.6(1)(a)(3) (Supp. 2019) states: "Right of appeal is granted the defendant from [a] final judgment of sentence, except . . . [a] conviction where the defendant has pled guilty," unless "the defendant establishes good cause." "Good cause" means a "legally sufficient reason." *State v. Tucker*, 959 N.W.2d 140, 153 (Iowa 2021) (citing *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020)). "A legally sufficient reason to appeal as a matter of right is a reason that, at a minimum, would allow a court to provide some relief on direct appeal." *Id.*

In *Tucker*, the court concluded there was no possibility of relief because the defendant "pleaded guilty and requested immediate sentencing" and he "waived

his right to file a motion in arrest of judgment," which "preclude[d] appellate relief." *Id.* (citing Iowa R. Crim. P. 2.24(3)(a)). The court went on to address two exceptions to the bar from obtaining relief. *See id.* The court concluded the first exception—"where the district court failed to adequately advise the defendant of the necessity for filing a motion in arrest of judgment and the consequences of not filing a motion in arrest of judgment"—did not apply because the defendant "was adequately advised and waived" his right to file a motion in arrest of judgment. *Id.* The court concluded the second exception, triggered "if the failure to file a motion in arrest of judgment resulted from ineffective assistance of counsel," also did not apply because, under another statutory amendment, the legislature precluded ineffective assistance of counsel claims from being decided on direct appeal. *Id.* at 153–54; *see* Iowa Code § 814.7 ("An ineffective assistance of counsel claim in a criminal case . . . shall not be decided on direct appeal from the criminal proceedings.").[1]

*Tucker* is controlling. There is no possibility Cooper can obtain relief on direct appeal. He pled guilty and requested immediate sentencing, and he waived his right to file a motion in arrest of judgment after being properly advised of the right and the consequences of failing to file a motion. He may not assert ineffective-assistance-of-counsel claims on direct appeal. Applying *Tucker*, we dismiss the appeal.

**APPEAL DISMISSED.**

---

[1] The supreme court also rejected equal-protection and separation-of-powers challenges to section 814.7. *See Tucker*, 949 N.W.2d at 147, 151–52.